¶ 41.
SHIRLEY S. ABRAHAMSON, J.
{concurring). I write separately to provide some context for ¶ 40 of this opinion, which may be confusing for those *457 who are not thoroughly conversant with our court rules. The paragraph provides that, "subject to the required disclosures to the Office of Lawyer Regulation and practice monitor as set forth herein, the documents submitted under seal are deemed confidential, and will be maintained under seal until further order of the court."
¶ 42. Persons seeking admission to practice law in Wisconsin must file an application with the Board of Bar Examiners (BBE). See SCR 40.14. The information an applicant must disclose to the BBE is extensive and some of it is highly personal. For this reason, SCR 40.12 provides that the "application files of an applicant and all examination materials are confidential. The supreme court or the board may authorize the release of confidential information to other persons or agencies."
¶ 43. When an applicant asks this court to review an adverse determination from the BBE, SCR 40.08(7), the record submitted to this court typically contains the applicant's bar application and related documents, which comprise the "application file." Consistent with our rule, material from the application file is confidential and is not available to the public, absent a court order. In this matter, the applicant, himself, voluntarily opted to include in the appendix to his appellate brief some items from his bar application, including certain amendments to his bar application. When an applicant does not file confidential material under seal with this court, a question may arise whether confidentiality is waived.
f 44. I am authorized to state that Justice ANN WALSH BRADLEY joins this concurrence.